Docket No. 25-2020

# United States Court of Appeals
For The Fourth Circuit

| | | |
|---|---|---|
| Peter Laurenzano | ) | |
|     Petitioner- Appellant | ) | |
| v. | ) | Docket No. 25-2020 |
| Commissioner of Internal Revenue, | ) | Request for Oral Argument |
|     Respondent - Appellee | ) | |

## Petitioner/Appellant Brief

Appellant, Peter Laurenzano, comes before this honorable Court to ask that the order of U.S. Tax Court Chief Judge Kathleen Kerrigan, Filed and Served May 21, 2025, and titled "Order Of Dismissal For Lack Of Jurisdiction" be reversed and that this Court find in my favor on the two relevant issues regarding my case.

The two issues I bring before the Appellate Court:

1. Does the U.S. Tax Court have Jurisdiction with regard to my case in Tax Court, and
2. Am I entitled to Equitable Tolling with regard to my case in Tax Court.

## Argument

The Tax Court and most circuits have long held that the § 6213(a)[1] deficiency petition deadline is jurisdictional. *Hallmark Research Collective v. Comm'r*, 159 T.C. 126, 162 (2022). In *Hallmark*, the Tax Court did extensive

---

[1] All section references are to the Internal Revenue Code.

research into what it thought was the law of each Circuit Court of Appeals concerning whether the deadline is jurisdictional, and the Tax Court concluded that this Court and the First Circuit have no precedential rulings on this question.

> The First and Fourth Circuits have not so held in published, precedential opinions, but both have acquiesced in unpublished decisions. *See, e.g., Hansen v. Commissioner,* 201 F.3d 427 (1st Cir. 1998) (unpublished table decision) (per curiam); *Thomas v. Commissioner*, 194 F.3d 1305 (unpublished table decision) (4th Cir. 1999); *Briley v. Commissioner*, 622 T. App'x 305 (4th Cir. 2015) (per curiam). The Supreme Court has not addressed the issue but has denied a writ of certiorari in (by our count) five cases presenting the issue. *See, e.g., Lewis-Hall Iron Works*, 23 F.2d 972, *cert. denied*, 277 U.S. 592 (1928); *Cont'l Petroleum Co.*, 87 F.2d 91, *cert. denied*, 300 U.S. 679 (1937); *Ryan*, 118 F.2d 744, *cert. denied*, 314 U.S. 622 (1941); *Delman v. Commissioner*, 384 F.2d 929 (3d Cir. 1967), *aff'g* T.C. Memo. 1966-59, *cert. denied*, 390 U.S. 952 (1968); *Organic Cannabis Found., LLC v. Commissioner*, 962 F.3d 1082, *cert. denied*, 141 S. Ct. 2596, 209 L. Ed. 2d 733 (2021).

*Id.* at n.31. The Supreme Court has stated that "drive-by jurisdictional rulings" are entitled to no weight as precedent. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 91 (1998). And this Court treated the deadline as not jurisdictional and open to equitable considerations in *Curry v. Commissioner*, 571 F.2d 1306 (4th Cir. 1978), where the incarcerated taxpayer placed a deficiency petition in the prisoners' mailbox for legal mail on time, but a prison staff member returned the petition to the taxpayer in the mistaken belief it was misaddressed, so the petition was finally mailed to the Tax Court seven days after the deadline.[2]

The opinion of the Supreme Court in *Boechler, P.C. v. Comm'r*, 596 U.S. 199 (2022), triggered the Tax Court to reexamine its precedent in *Hallmark*, even though the Tax Court ultimately decided to follow its prior position. In *Boechler*, the Supreme Court held that the 30-day deadline in § 6330(d)(1) to file a Tax Court Collection Due Process petition is nonjurisdictional and subject to equitable tolling. Applying the principles in the *Boechler* opinion, in 2023, the Third Circuit held that the 90-day deadline in § 6213(a) to file a Tax Court deficiency petition is also nonjurisdictional and subject to equitable tolling. *Culp v. Comm'r*, 75 F.4th 196 (3rd Cir. 2023), *cert. filed by the government denied*, 144 S. Ct. 2685 (2024). In August 2025, two more Circuits held the filing deadline nonjurisdictioanl and subject to equitable tolling. *Buller v. Comm'r*, 2025 U.S. App. LEXIS 20684 (2d Cir. Aug. 14, 2025); *Oquendo v. Comm'r*, 148 F.4th 820 (6th Cir. 2025).

The three opinions in *Culp*, *Buller*, and *Oquendo* reasoned that Congress has made no clear statement that the deadline in § 6213(a) is jurisdictional, and there is no long line of Supreme Court opinions holding the deadline jurisdictional. To quote from the *Oquendo* opinion:

> [W]e acknowledge that our sister circuits are not always aligned in their consideration of this issue. Most recently, the Second Circuit and Third Circuit held that § 6213(a)'s petition-filing deadline is not jurisdictional.

---

[2] "We conclude that equitable principles founded on sound precedent establish that the Tax Court has jurisdiction over Curry's petition. . . . Curry did everything within his power to file his petition on time. Based on ample evidence the Tax Court found him without fault." *Id.* at 1307-1308.

3

*Buller v. Comm'r*, No. 24-1557, --- F.4th ----, 2025 WL 2348969, at *3 (2d Cir. Aug. 14, 2025); *Culp v. Comm'r*, 75 F.4th 196, 202 (3d Cir. 2023). In contrast, the Seventh Circuit and Ninth Circuit have held that § 6213(a)'s petition-filing deadline is jurisdictional. *See Organic Cannabis Found., LLC v. Comm'r*, 962 F.3d 1082, 1094 (9th Cir. 2020); *Tilden v. Comm'r*, 846 F.3d 882, 886 (7th Cir. 2017). Notably, the latter two opinions were issued prior to the Supreme Court's opinion in *Boechler*. The Seventh Circuit reasoned that it would be "imprudent to reject [the] body of precedent"—including our decision in *Patmon and Young Professional Corp.*—holding that § 6213(a)'s petition-filing deadline is jurisdictional. *Tilden*, 846 F.3d at 886–87. The Ninth Circuit similarly considered itself bound by controlling precedent. *Organic Cannabis Found.*, 962 F.3d at 1092. However, as explained above, past cases interpreting § 6213(a)'s petition filing deadline as jurisdictional are better viewed as vestiges of a bygone era. The Supreme Court's instruction to accord those cases no precedential weight effectively mandates that view.

Slip op. at 14-15.

Further, in the absence of any good reason why Congress would want the deadline not to be subject to equitable tolling, it should be. Every court to have found any Tax Court petition filing deadline nonjurisdictional has also found nothing to rebut the presumption in favor of equitable tolling of government-related nonjurisdictional deadlines from *Irwin v. Department of Veterans Affairs*, 498 U.S. 89 (1990). *Boechler* (CDP); *Culp* (deficiency), *Buller* (deficiency), *Oquendo* (deficiency), *Myers v. Commissioner*, 928 F.3d 1025 (D.C. Cir. 2019) (whistleblower award); *Belagio Fine Jewelry, Inc. v. Commissioner*, 164 T.C. No. 7 (Apr. 15, 2025) (employment status).

After reversing the Tax Court in *Culp*, *Buller*, and *Oquendo*, all three courts remanded the case to the Tax Court for it to determine in the first instance whether

4

equitable tolling was warranted. While I know that equitable tolling is not easily gotten, the Tax Court did not give me the opportunity to show all the facts that happened in the five months after the IRS issued the notice of deficiency that delayed my filing of the petition. Like the taxpayers in *Culp*, *Buller*, and *Oquendo* (none of whom was asked to explain their equitable tolling grounds in full in the courts of appeal), I simply ask that the Tax Court be reversed in its holding that the filing deadline is jurisdictional and that this case be remanded to the Tax Court for it to determine whether the full facts that I will present there justify equitable tolling.

I know that I did not use the words "jurisdiction" or "equitable tolling" in my Tax Court filings. However, in my response to the IRS motion to dismiss in the Tax Court, I referred to some "health issues" delaying my filing, and I wrote:

> I asked IRS counsel Mr. Lucey if he would object to me asking the court for an extension to file my petition and work with his office or any other to resolve this. I said I believe I could clear this up with a 90 day extension and working with their office, I promised him I would be available to speak to his assistant ASAP and try to resolve any discrepancies in my taxes. He told me he could agree to that and I asked if 90 days would be agreeable while I make every effort to resolve this short of court.
>
> I regret if I neglected anything but I believe there is no harm to either party by granting an extension in this matter.

In its dismissal order, the Tax Court noted what I wrote and said that, "Petitioner also referenced a recent conversation with IRS counsel about a 90-day extension to work on resolving the matter with their office, although it appears

5

petitioner may be conflating the filing deadline for a Tax Court petition with any opportunities within the IRS for administrative resolution, which would be a separate procedure."

Nevertheless, the Tax Court understood that I was referring both to an extension of the petition deadline and an extension for me to work with the IRS attorney in the case to settle the case on the merits. I have considerable offsetting deductions to the rental income in the notice of deficiency.

The Tax Court order further stated:

> The Court has no authority to extend this 90-day (or 150-day) period. *Hallmark Rsch. Collective v. Commissioner*, 159 T.C. at 166-67; *Joannou v. Commissioner*, 33 T.C. 868, 869 (1960). . . .
>
> [T]he Court is barred from considering in any way petitioner's case or the correctness of petitioner's claims. Unfortunately, governing law within the Fourth Circuit recognizes no reasonable cause or other applicable exception to the statutory deadline. . . .

The Tax Court's citation of *Hallmark*, in which that court entered into an extensive discussion of why the filing deadline should be held jurisdictional and not subject to equitable tolling, shows that the Tax Court understood my request for an "extension" to include that I believed that the court had the power to grant what I now know to be the legal doctrine of "equitable tolling". So, I properly raised these issues below.

During the remand, the IRS and I will be allowed to enter into settlement discussions. While the Tax Court cannot enter a decision reducing the proposed

deficiency if it lacks jurisdiction, if this court holds the deadline nonjurisdictional, the IRS and I will be able to look at the merits of my case and propose to the Tax Court a stipulated decision showing a lower figure – even if there are insufficient equitable tolling facts. It is my understanding that, since *Culp*, the IRS, in late-filed Tax Court deficiency cases appealable to the Third Circuit, has usually been settling the cases for lower deficiencies and waiving the IRS' right to argue that there are insufficient facts for equitable tolling.

## Relief Requested

Therefore, I respectfully request that this honorable court find that the 90-day deadline in § 6213(a) to file a Tax Court deficiency petition is nonjurisdictional and subject to equitable tolling, reverse the ruling of the Tax Court, and remand this case to the back to the Tax Court.

Respectfully submitted,

*Peter Laurenzano*

Peter Laurenzano
18501 Queen Anne Rd.
Upper Marlboro, Md. 20774
Ph. No. 410-699-3216

Docket No. 25-2020

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Petitioner-Appellant's brief was mailed via USPS first class mail to Department of Justice Attorney Matt

Johnshoy at Ben Franklin Station, P.O. Box 502, Washington, DC 20044 on this 7th day of October, 2025.

_____Peter Lauenzaue_____

Retail




23219

RDC 99

U.S. POSTAGE PAID
FCM LG ENV
ANNAPOLIS, MD 21401
OCT 07, 2025

$2.17

S2324P502477-99

**RECEIVED
U.S. MARSHALS**

rcuit Court of Appeals
in St / Suite 501
A  23219

PETE LAURENZA
18501 QUEEN A...
UPPER MARLBORO, MD 20774

FOURTH C...
1100 EAST M...
RICHMOND, V...